IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| SAMUEL VALLES | : | NO. 5:10-cr-367-3 |

ORDER

AND NOW, this 23rd day of November, 2011, upon consideration of Defendant Samuel Valles' Motion to Dismiss Count 20 of the Second Superseding Indictment (Doc. No. 287) and the Government's Response to Defendant's Motion to Dismiss Count 20 (Doc. No. 289), it is hereby ORDERED that said Motion (Doc. No. 287) is DENIED.

Defendant argues that "the Government has failed to allege that the defendant was present when Santana [a co-defendant] distributed drugs while possessing a gun, or, that the defendant possessed a gun while distributing drugs. In reference to the allegation under 924(c), the indictment and all discovery prove no more than a gun being in the defendant's safe along with drugs and cash when the police executed a search warrant." (Doc. No. 287, at 11). This argument fails to persuade us, primarily because it goes to the sufficiency of the Government's evidence, not the sufficiency of the indictment.

"An indictment [is] sufficient so long as it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former

acquittal or conviction in the event of a subsequent prosecution." <u>United States v. Bergrin</u>, 650 F.3d 257, 264 (3d Cir. 2011) (internal citations and quotations omitted).  Importantly, "[a] ruling on a motion to dismiss is not, however, a permissible vehicle for addressing the sufficiency of the government's evidence. Evidentiary questions—such as credibility determinations and the weighing of proof—should not be determined at this stage.  Rather, in considering a defense motion to dismiss an indictment, the district court must accept as true the factual allegations set forth in the indictment." <u>Id.</u> at 265 (internal citations and quotations omitted).

Here, Defendant Samuel Valles challenges the sufficiency of Count 20 of the second superseding indictment (Doc. No. 277).  Count 20 charges that Valles "knowingly possessed a firearm...in furtherance of a drug trafficking crime..., that is, conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Section 846, in violation of Title 18, United States Code, Section 924(c)(1)." (Doc. No. 277, at 32).  At base, Valles appears to argue that the indictment does not contain the elements of the offense to be charged, namely 18 U.S.C. § 924(c)(1).  We disagree.

The statute under which Valles is charged applies to "any person who, during and in relation to any crime of violence or drug trafficking crime...for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1).  Here, Count 20 charges all the required elements: that Valles (1) was part of a drug conspiracy, and (2) knowingly possessed a firearm in furtherance of this crime.  Additionally, the Government has a factual basis for bringing this charge.  As noted by Valles in his Motion to Dismiss, police allegedly found a loaded gun, heroin, crack, cocaine, and $8,400 cash in Valles' safe. (Doc. No. 287, at 4, 11).  This is

certainly sufficient to charge and indict Valles for violating 18 U.S.C. § 924(c)(1).  In fact, the Third Circuit has repeatedly upheld Section 924(c) convictions in similar circumstances.  See United States v. Felder, 389 Fed. App'x 111, 116 (3d Cir. 2010) (holding that "two [loaded] firearms concealed under the bed in close proximity to the drugs, drug paraphernalia, and pre-marked bills used in connection with drug trafficking activity" constituted sufficient evidence for a Section 924(c) conviction.); United States v. Orgovan, 377 Fed. App'x 227, 229-30 (3d Cir. 2010) (rejecting defendant's evidentiary sufficiency challenge, in part because "both firearms were found not only in the same room as, but in close proximity to, cocaine, thousands of dollars in cash, drug paraphernalia and live ammunition."); United States v. Farrish, 297 Fed. App'x 162, 165 (3d Cir. 2008) (concluding that "[t]he proximity of the gun to the drugs, the fact that drug dealers commonly carry guns, and the amount of ammunition in the gun all helped demonstrate that Farrish intended to use the gun while trafficking cocaine.").

For the aforementioned reasons, Defendant Samuel Valles' Motion to Dismiss Count 20 of the Second Superseding Indictment (Doc. No. 287) is DENIED.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.